BORG & POWERS FURNITURE COMPANY v. SHERMAN W. CLARK.[1]

April 12, 1935.

No. 30,392.

*Stacker & Stacker* and *William M. Serbine,* for appellant.
*Thomas J. Spence,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying his blended motion for judgment notwithstanding or new trial.

We assume that defendant has accurately stated the facts in his brief. As stated by him, we are informed that defendant owns and operates a number of taxicabs in the city of St. Paul. He and other

[1]Reported in 260 N. W. 316.

306

taxicab owners have a stand or parking place at the northeast corner of Eighth and Wabasha streets, also using a portion on the north side of Eighth street. The street slopes from the parking place toward plaintiff's building. About midnight February 10, 1933, one of defendant's cabs rolled backward downhill, driverless, and crashed into and broke a plate glass window in plaintiff's building.

Attacking plaintiff's cause, defendant asserts that the "record does not show where the cab came from or in whose possession and control it was immediately before it rolled down the incline, nor does it show that the motor of said cab was in operation at the time; neither does the extent of the grade of the hill appear from evidence. And if it be assumed that the cab backed downhill while parked, the record is silent as to how long the parked cab had been in a stationary position. * * * The plaintiff proved that one of the defendant's cabs rolled backwards down the hill and into the plaintiff's building, breaking its plate glass window and rested, obviously relying upon the aid of the doctrine of *res ipsa loquitur* to establish his *prima facie* case."

Defendant claims that the complaint pleads specific acts of negligence and for that reason plaintiff cannot invoke the doctrine. That part of the complaint to which our attention is directed reads as follows:

"That there is a substantial incline in a westerly direction on Eighth street immediately in front of plaintiff's said building; that at or about the hour of midnight on February 10th, 1933, the defendant carelessly and negligently parked one of his taxicabs on the said incline on Eighth street at a point about one hundred yards from plaintiff's said building and negligently and carelessly permitted the same to remain there without the brakes being properly set and without the car being parked properly and (without a driver or attendant in charge thereof), as a result whereof said taxicab rolled backwards down the incline on said Eighth street across the curb and sidewalk in front of plaintiff's building and crashed into the front of plaintiff's building with great force and

violence, thereby breaking and demolishing a large plate glass window."

Adopting defendant's argument as sound and assuming his statement of the facts hereinbefore related to be accurate, we find it difficult to reach the conclusion that the doctrine is inapplicable.

"The doctrine of *res ipsa loquitur* is that when a thing, which has caused an injury, is shown to be under the management of the defendant charged with negligence, and the accident is such as in the ordinary course of things would not happen if those who have the control use proper care, the accident itself affords reasonable evidence, in the absence of explanation by the defendant, that it arose from want of care." Heffter v. Northern States Power Co. 173 Minn. 215, 217 N. W. 102.

Obviously, if the car rolled backwards, driverless, and struck plaintiff's plate glass window, it could not have been safely parked nor its brakes safely applied. Defendant's claim that when he heard of the accident the next morning he tested the brakes of his cabs and found them in good condition does not relieve him. The trouble was not lack of brakes but failure to use them.

Ownership of the offending cab conceded, its rolling down the street incline unattended by anyone and crashing through plaintiff's plate glass window established a *prima facie* case of negligence. It was up to defendant to explain. Cabs do not run wild, at least not in the fashion here disclosed, unless someone has failed to use ordinary care. An accident such as this fortunately does not happen "in the ordinary course of things." When a car is parked upon an incline, it would seem that ordinary care should require the setting of brakes to prevent it from rolling downhill. If defendant or one of his servants was not in charge of the particular machine at the time this accident occurred, and apparently no one was, the resulting accident is but the natural consequence of some negligent act or omission. Defendant's statement of the facts amply establishes a *prima facie* case for plaintiff. If defendant were to avoid the consequences of these facts it was for him to proceed with proof of due care. If instead of a driverless car

going through the performance here related one of defendant's drivers had so handled his car, can there be any doubt of liability for consequent injury? We consider defendant's argument wholly without merit. We think the following cases sustain the view of the trial court. Heath v. Wolesky, 181 Minn. 492, 233 N. W. 239; Cullen v. Pearson, 191 Minn. 136, 253 N. W. 117, 119, 254 N. W. 631. In the Cullen case (191 Minn. 140) it is said that where the "cause is not shown and is not within the knowledge or reach of the plaintiff, the rule [*res ipsa loquitur*] would seem to apply." This is so because "an unsuccessful attempt on the part of plaintiff to show the specific negligent act which caused his injury does not weaken or displace the presumption of negligence on the part of defendant arising from the facts of the case by virtue of the rule of *res ipsa loquitur*." 45 C. J. p. 1207, notes 55 to 59, inclusive. See also 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 7044, 7047; 64 A. L. R. 255, 260.

Affirmed.