## EDDIE HENJUM, ADMINISTRATOR OF ESTATE OF ARTHUR F. NOID, v. GUS BOK AND ANOTHER.

110 N. W. (2d) 461.

September 8, 1961—No. 38,285.

*Johanson, Winter & Lundquist* and *Ronald C. Anderson,* for appellants.

*Stahler, Giberson & Keeler* and *Thomas J. Stahler,* for respondent.

DELL, CHIEF JUSTICE.

This is an action to recover for personal injuries sustained by Arthur F. Noid who died after this case was appealed. Decedent's administrator was substituted in his place as plaintiff. For convenience decedent will be referred to as the plaintiff.

On July 7, 1959, defendant Gus Bok, an employee of defendant Morris Co-op Oil Association, was making rural gasoline deliveries in a ton-and-a-half gasoline delivery truck owned by his employer. Bok

drove the truck to plaintiff's farm, arriving shortly before noon. The truck, with a capacity of 1,200 gallons, at that time was carrying only 200 gallons. It was driven into plaintiff's yard from the east and was backed up to the southeast, towards plaintiff's gasoline storage tank. Bok parked the truck about 10 feet from the gasoline tank so that the truck was facing northwest. While the rear wheels of the truck were on fairly level ground, the front wheels were somewhat lower and on an incline. There was a marked slope in the ground from plaintiff's gasoline tank to the northwest.

Bok left the truck with the cab door open and the engine running. Plaintiff walked up to the truck and the two men talked for a few minutes. Bok then began pumping out gas, having used about 16 feet of his 30-foot hose. Within a short time plaintiff noticed the hose "tightening up," and the truck moving slowly forward. According to plaintiff's testimony, Bok, who was trying to get the hose nozzle out of plaintiff's gasoline tank, pointed his hand at the open door of the truck. Plaintiff ran for the open door, grabbed the cab with his right hand, and the open window frame with his left, putting his right foot partly on the running board. He fell and the left rear wheels of the truck rolled over one of his legs, causing the injuries for which this action was instituted.

After a trial by jury, a verdict was returned in favor of plaintiff against both defendants. Defendants appeal from the judgment.

■ Contrary to defendants' assertions, the evidence amply sustains the jury's finding that Bok was negligent and that his negligence was a proximate cause of the injuries. An examination of the truck's brakes after the accident revealed that they were in good working order and, if properly set, the rear wheels would not have moved. It follows that the jury could reasonably infer either that Bok did not set the brakes or that they were set improperly. Bok had delivered gasoline to plaintiff's farm at least 100 times. He was familiar with the area surrounding plaintiff's gasoline tank. Either he should have parked the truck on an available level area or, if he chose to park it on the incline, he should have made certain that the brakes were properly set.[1]

---

[1]See *Borg & Powers Furniture Co.* v. *Clark*, 194 Minn. 305, 260 N. W. 316, applying the rule of res ipsa loquitur.

■ Defendants' primary contention appears to be that the conduct of plaintiff, in attempting to stop the truck, was an intervening and superseding cause of the accident. As with the other issues raised, causation is a question of fact for the determination of the jury except where facts are undisputed and susceptible of but one inference.[2]

The basic rule of this state relating to proximate cause is set forth in Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641:

"* * * Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow."

Normally when considering whether there has been an intervening, superseding cause the conduct of a third person or agency is involved. While there may be situations where it is necessary to determine whether the plaintiff's own independent conduct caused the injury and constituted a superseding cause,[3] usually the question resolves itself to whether the plaintiff was contributorily negligent.[4]

In any event, the intervening act, in order to be a superseding cause, must be independent in the sense that it must not be stimulated by the defendant's conduct.[5] In the instant case the evidence supports the conclusion that the conduct of plaintiff was a normal reaction to the stimulus created by the negligent conduct of Bok in failing to properly set the brakes on the truck. Consequently, regardless of whether plaintiff's conduct was in itself negligent, it cannot be said, as a matter of law, to have constituted an efficient, intervening, superseding cause of the accident and the injuries sustained.

---

[2]Ferguson v. Kehoe, 245 Minn. 46, 71 N. W. (2d) 168; Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758.

[3]See, e. g., Johnson v. Chicago G. W. Ry. Co. 242 Minn. 130, 64 N. W. (2d) 372, involving the F. E. L. A.

[4]See, Prosser, Torts (2 ed.) § 47, p. 254.

[5]Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788; Restatement, Torts, § 443; 13 Dunnell, Dig. (3 ed.) § 7005 (5).

■ Finally, defendants contend that plaintiff was contributorily negligent as a matter of law. They argue that the trial court erred in instructing the jury as to the "emergency" and "rescue" doctrines since, among other things, the truck was not in fact headed for any building or other property, nor was the appearance of danger so imminent as to leave no time for deliberation.

The so-called rescue doctrine does not affect the ordinary standard of care. The doctrine merely indicates that, where an attempt is being made to save human life or property, a reasonably prudent person will take greater risks than might ordinarily be justified.[6] Similarly, the emergency rule is only an application of the reasonable man standard of care to a particular situation.[7]

In the instant case we have a situation where an unattended gasoline truck, partially loaded with inflammable gasoline, was rolling downhill in the vicinity of plaintiff's buildings. While the evidence regarding the speed of the truck was conflicting, plaintiff testified that it was moving at a "good, fast walk." Whether the truck would have actually struck a building or otherwise destroyed property is not controlling if the attendant circumstances created the apprehension of danger.[8] In almost any situation an uncontrolled vehicle in motion, particularly one of this kind, creates such apprehension. Common sense alone would almost seem sufficient to establish that plaintiff's reaction was instinctive and one to be expected in such a dangerous situation. Certainly we should not say that all reasonable men would have stood by and let the truck roll on.

The issue of plaintiff's contributory negligence, as well as the others presented, were properly submitted to the jury for its determination.
Affirmed.

---

[6]See, Duff v. Bemidji Motor Service Co. 210 Minn. 456, 299 N. W. 196.
[7]Latourelle v. Horan, 212 Minn. 520, 4 N. W. (2d) 343.
[8]Arnold v. Northern States Power Co. 209 Minn. 551, 297 N. W. 182.