# DAVID A. TANDESKI v. RICHARD M. BARNARD AND OTHERS.

121 N. W. (2d) 708.

May 10, 1963—Nos. 38,674, 38,675.

*Meagher, Geer, Markham & Anderson, Mary Jeanne Coyne,* and *O. C. Adamson II,* for appellants.

*Tyrrell, Jardine, Logan & O'Brien,* for respondents Gabrielson.

*Theodore Rothman* and *Richard B. Abrams,* for respondent Tandeski.

NELSON, JUSTICE.

This appeal involves an action for personal injuries and property damage brought by David A. Tandeski against Barbara and Richard M. Barnard and Edwin M. and Vernon E. Gabrielson. The action arose out of plaintiff's head-on collision with a truck owned by Vernon Gabrielson and operated by his father, Edwin Gabrielson, which collision followed an earlier one involving the truck and an automobile owned by Richard Barnard and driven by Barbara Barnard.

The action was tried before a jury which found for plaintiff against defendants Barnard and in favor of defendants Gabrielson, assessing plaintiff's damages at $22,600.

Defendants Barnard appeal from the denial of their motion for a new trial.

The following assignments of error are presented:

(1) The trial court erred in ruling that, as a matter of law, a collision involving the Gabrielson truck and the Barnard automobile had

no causal connection with the collision between the Gabrielson truck and the Tandeski automobile.

(2) The trial court erred in submitting to the jury the issue of Mrs. Barnard's speed.

(3) The trial court erred in denying the motion of defendants Barnard for a new trial on the grounds stated therein.

In testing the sufficiency of the evidence to sustain the verdict of the jury this court must view the evidence in the light most favorable to the prevailing party.

The record shows the following events which culminated in the first collision, which was between the Barnards' 1957 Ford and the Gabrielson 1952 Dodge 2½-ton truck, with an overall load of 10 tons. Mrs. Barnard was driving her husband's automobile home from work between 3 and 4 p. m. on June 8, 1959. She entered Eighth Street, a one-way street for eastbound traffic, at Eleventh Avenue, and drove along the right-hand or curb lane. While traveling between Twelfth and Thirteenth Avenues she drew up beside the Gabrielson truck, which was proceeding in the center of the three lanes of traffic. The vehicles maintained their respective positions, the truck traveling a few feet ahead of the Barnard automobile, as they approached the intersection of Fifteenth Avenue and Eighth Street. Just before the two vehicles reached that intersection, the Barnard car and the Gabrielson truck came in contact. Mrs. Barnard testified that there was a slight impact and added, "I felt a slight impact." Mrs. Barnard said she brought her car to a stop briefly; that the Gabrielson truck did not stop; that each continued through the intersection in the same separate lanes turning southeasterly into Hiawatha Avenue.

Edwin M. Gabrielson, the driver of the truck, had recognized no impact and had not seen the Barnard automobile until it later passed the truck. He says that a slight impact may have occurred without his knowing it since in the loaded truck he could not feel a slight impact. There were indications of contact between the car and the truck which were minor consisting of a dent on the left front fender and a crease on the left rear fender.

Mrs. Barnard says that she proceeded alongside the truck and over-

took it while driving at a speed not in excess of 30 miles per hour, but an onlooker occupying another vehicle testified that she finally attained a speed of approximately 50 miles per hour before overtaking and passing the truck. Mrs. Barnard says that she was disturbed by the impact which occurred; that she intended to obtain the license number of the truck but was unable to read it from her lane. She says that the rear license plate of the truck was dirty. After overtaking the truck, Mrs. Barnard moved into the lane to her left ahead of the truck, intending to stop at the intersection of Hiawatha and Twenty-fourth Street, which is controlled by a stop sign, in order to get the license number. She proceeded some 300 feet forward with the truck following some 60 to 70 feet behind. Mrs. Barnard proceeded to pump her brakes four or five times and came to a stop in the path of the truck. Gabrielson chose to turn his truck to the left in order to avoid her but while he was in the act of turning to go beside her she opened her door, requiring him to veer further to the left than originally intended so that his truck collided with plaintiff's car after crossing over the centerline into the oncoming traffic. While Mrs. Barnard said that she became disturbed at the time of the impact and felt ill after pulling over in front of the truck she, nevertheless, admitted that she was not so sick that she could not return into the lane to the right in which she had been traveling to avoid bringing her car to a stop in front of the oncoming truck. Immediately after the collision between the truck and the Tandeski car, she got out of her automobile, ran across the road, and asked bystanders to call for police.

The question arises whether Mrs. Barnard, who apparently had both the time and the ability to make a conscious choice and voluntarily for her own purposes chose to stop her car in the wrong lane and thus produced a result which would not otherwise have occurred, may now relate that conscious choice to a prior event which she said had not caused her to become sick so as to impair her physical ability to operate her automobile or her mental ability to reason.

Another issue to which the facts give rise is whether speed may be considered a proximate cause of an accident when one automobile speeds in pursuit of another vehicle, passes it, cuts in front of it, and

stops suddenly, causing the other vehicle to swerve to its left over the centerline and collide with an oncoming car.

It is undisputed that the collision between the Gabrielson truck and the Tandeski car occurred more than 1,800 feet from where the original collision occurred. The trial court ruled that the incident on Eighth Street was not the proximate cause nor could it be considered as constituting a natural sequence of events leading to the later collision.

The following colloquy took place in chambers at the close of the evidence:

"Mr. Markham: My position is, Your Honor, that I would be entitled to argue that the accident that happened down on Fifteenth and Eighth Street set up a chain of circumstances which results through a natural sequence of events, and she acted as a normal person in driving down there, that it upset her which, in turn, caused her to stop the car which, in turn, was the accident. That is my position on it; that the Fifteenth Street and Eighth Street incident, the jury may consider that that act in the natural sequence of events was the proximate cause of this accident or creating it. Now, if you feel otherwise I think you should so indicate so I don't get to arguing that part of it. Because, as I feel, I don't think it is going to change the verdict one way whether I argue it or not, but here we have an event, and the excuse for stopping is because she got ill, because of the incident at Fifteenth and Eighth, and that is her excuse for stopping. I take the position I should be permitted that was a proximate contributing cause to the happening of the accident.

"Mr. Tyrrell: My position is * * * whatever scratch she [Mrs. Barnard] got on the car is too remote and has nothing to do with what happened * * * 1,800 feet beyond that.* * * I don't think the accident [at Eighth and Fifteenth] then can, either by the Court or counsel, be brought in as a cause of this thing.

"Mr. Markham: I know that is your position.

"The Court: Well, I hadn't thought so. In fact, if you remember the testimony, she said that down there at Eighth and Fifteenth she became disturbed. She denied she was angry, but she said she was disturbed, but when she was asked when she stopped she said she felt ill, but she

didn't claim the incident down at Eighth and Fifteenth made her ill.

"Mr. Markham: Don't you think it is permissible, a permissible inference of the evidence?

\* \* \* \* \*

"Mr. Markham: Well, let's put it this way: We recognize two vehicles are going down the street and she had no reason in the evidence to go out and try and overtake the truck or get in the position except because of the incident at Fifteenth and Eighth. That is the only reason that that ever occurred.

"The Court: I think it was perfectly normal, if her car was rubbed, even slightly, that she would go after him and try to get his number, and if she couldn't get the name on the truck or try to signal him to stop, but to do what she did, she might have got herself killed, let alone this fellow.

"Mr. Markham: That is good argument and I kind of agree, but where the problem lies, as I view it, is in point of time—it is very close— and there isn't any other reason for her conduct except the incident at Fifteenth and Eighth in this evidence.

"The Court: Oh, well, I don't think there is any doubt about that, that that scraping of her car by the truck, I believe that happened, but for her to pursue a course of action so utterly beyond what any normal person would do under the circumstances, doesn't seem to be enough to constitute a natural sequence of events.

\* \* \* \* \*

"The Court: All right. Well, I don't believe under the evidence that the incident at the west side of the intersection of Eighth Street and Fifteenth Avenue is the proximate cause or could be considered the proximate cause or a natural sequence of events that led up to the accident at the overpass on Hiawatha Avenue, which was 1,800-some feet away, which is almost three long city blocks. \* \* \*

"Mr. Markham: As I understand your ruling, I will not be permitted to argue to the jury the incident at Fifteenth and Eighth can be considered by them in arriving at whether or not that was a proximate or contributing cause of this accident?

"The Court: Yes, that is correct."

Defendants Barnard contend that the court was in error in holding that the accident at Eighth Street and Fifteenth Avenue was not as a matter of law a proximate cause of the accident which occurred between Gabrielson and Tandeski. They also argue that the court erred in instructing the jury with respect to speed, contending that speed was not a proximate cause of the accident. The record, however, shows that counsel for the Barnards was permitted in his argument to the jury to make reference to the impact which occurred at Eighth Street and Fifteenth Avenue and whether Mrs. Barnard was guilty of willful negligence and to put special emphasis on the fact that she had become disturbed because of the contact between the truck and her automobile and also that she had become ill and that this accounted for what followed. It was even seriously suggested in the argument that due to the foregoing occurrence and its results, Mrs. Barnard could not be held accountable for the collision which later occurred. She denied in her testimony that she had become angry, suggesting that she was only disturbed. When asked whether she was so sick that she couldn't have turned her car back into the lane in which she had previously been traveling, she answered, "No, sir."

■ In Peterson v. Martin, 138 Minn. 195, 198, 164 N. W. 813, 814, this court stated:

"* * * it is a well settled rule that if, subsequent to the original negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the original negligence is too remote."

The following test is usually applied to facts such as those involved in the instant case: Has an independent, responsible agent intervened between the first wrongdoer and the plaintiff and the continuous sequence of events been interrupted or turned aside by the second wrongdoer so as to produce a result which would not otherwise have followed? Clearly, if that has occurred, the original wrongdoer ceases to be responsible.

We think it clear from the record that the act causing the impact between the truck and the Barnard car and the act resulting in the collision between the truck and the Tandeski automobile were distinct acts of negligence, the second intervening between the alleged negligent act

of defendant Gabrielson and the final injurious consequences to plaintiff.

Mrs. Barnard was clearly negligent when she turned into the lane ahead of the truck and, without warning, stopped in its path and opened the front door.

It is conceded that the question of proximate cause is usually one of fact for the jury, and that only when the facts are undisputed and are susceptible of but one inference does that question become one of law for the court. Childs v. Standard Oil Co. 149 Minn. 166, 182 N. W. 1000; 13B Dunnell, Dig. (3 ed.) § 7011. Hence, whatever negligence may have caused the slight impact between the truck and the Barnard automobile, that negligence was not, upon the state of the record, the proximate cause of the collision which occurred several blocks beyond.

Defendants Barnard have cited several cases in their brief where the conduct tested was precipitated by another's acts, the court deciding that the conduct being tested was not an independent, intervening act. It is admitted by appellants that those cases are distinguishable. A reading of those cases suggests the conclusion that a person's conduct in a situation similar to the instant case is measured by whether or not the situation to which the person is reacting allows time for conscious deliberation or calls for instinctive choice. We think the facts in this case indicate that no emergency existed before Mrs. Barnard stopped in the lane of the truck thus creating an emergency resulting in the collision that followed. While Mrs. Barnard appears to want her conduct treated as though she could not prevent creating a dangerous situation, the record does not support her contention in that regard. Her own admissions indicate that she was not so ill that she was unable to have taken other courses of action.

This court has held that an independent act is considered an intervening, superseding cause, excusing any prior negligence, if an actor who had the time and the ability to make a conscious choice makes a choice that leads to a result which would not have occurred except for that conscious choice. Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788; cf. Henjum v. Bok, 261 Minn. 74, 110 N. W. (2d) 461. We think that Mrs. Barnard's conduct constituted an efficient, intervening,

superseding cause breaking the chain of causation between defendant Gabrielson's original negligence, if any, and the later collision. Mrs. Barnard's conduct was independent of the acts of the driver of the truck and broke the chain of causation. Such conduct evinced a willful and reckless disregard for the rights of the other users of the highway to whom she owed a duty of exercising due care. The trial court was justified in coming to the conclusion that Mrs. Barnard's physical distress did not dictate her subsequent acts and correctly refused to submit the issue of whether there was any connection between the original incident and the later collision.

■ In its memorandum made a part of its order denying a new trial, the court said:

"While the primary negligence of Barnard was the sudden stopping of her car in front of the truck in its lane, her speed in doing so was also a factor in her negligence."

Appellants contend that the court was in error in submitting speed as an issue which the jury might consider. A reading of the record makes it clear that the issue of speed was developed by the evidence and that speed was involved when Mrs. Barnard determined to overtake and pass the truck so as to later turn her car into the driving lane of the truck. We think it also reasonable to say under all the circumstances it became a determining factor in causing the later accident.

The trial court in its instructions to the jury told them that not only must there be negligence but that such negligence must be the proximate cause of the accident and injury. He also properly told the jury that there was no evidence to show that plaintiff was guilty of any negligence or that he was contributorily negligent in any way. The jury was instructed:

"If there has been a violation of the law, it has this effect in the absence of valid excuse or justification. The violation of a duty imposed by statute or ordinance proximately resulting in injury to one for whose benefit such laws were enacted is negligence and results in liability irrespective of such conduct as would constitute negligence in the absence of such laws. Referring to the words, 'passed for the benefit of,' these

laws which I shall read to you were passed for the benefit of all the parties concerned here. *However, the fact that I read these statutes to you is not an indication that any of these statutes have been violated, that is, no indication on my part; it is for you to decide; you are the ones to determine the facts in this case."* (Italics supplied.)

The trial court read a portion of Minn. St. 169.13 referring to the requirements in operating and halting any vehicle upon any street or highway; a portion of § 169.14 relative to speed upon any street or highway, including the speed limit within the municipality of the city of Minneapolis where the limit prescribed is 30 miles per hour; the section relating to divided highways; the section with reference to stopping suddenly or decreasing the speed of a vehicle; and the section concerning signals that shall be given and the manner of giving them. The trial court thereupon told the jury:

"Now, violation of any provisions of the statutes which I have read, known as the Highway Traffic Regulation Act, by any of the parties to this action shall not be negligent per se but shall only be prima facie evidence of negligence, * * *.

\* \* \* \* \*

"In deciding all of the issues in the case, *you must still consider and decide whether any negligence in exceeding the absolute speed limit of 30 miles per hour was the proximate cause of the collision, just as you must decide whether any other acts which you may find to be negligence was the proximate cause of the collision."* (Italics supplied.)

The jury was instructed with reference to the application of the emergency rule as follows:

"\* \* \* When one is suddenly confronted by peril through no fault of his own, but in an attempt to escape does not choose the best or safest way, he should not be held negligent because of such choice unless it was so hazardous that the ordinarily prudent person would not have made it under similar conditions.

"The law does not impose any duty on another to guard against sudden, unforeseen and unanticipated acts of another. However, one is bound to anticipate and provide against what is likely to happen and

for what one may reasonably anticipate; if one can or could reasonably anticipate what would occur, then he is responsible for all such things resulting from such occurrence."

■ We think the charge of the trial court, as a whole, conveyed to the jury a clear and correct understanding of the law. It fairly laid down the law of the case when viewed in its entirety and from a practical and commonsense point of view. Cameron v. Evans, 241 Minn. 200, 62 N. W. (2d) 793.

The trial court's memorandum states: "Defendant Barnard was guilty of negligence as a matter of law unless there was sufficient excuse or justification for such conduct," citing Lambach v. Northwestern Refining Co. Inc. 261 Minn. 115, 111 N. W. (2d) 345.

The record is clear that the trial court, rather than directing a verdict in Tandeski's favor against defendants Barnard and only submitting the question of damages to the jury, determined that because defendant Gabrielson had crossed the centerline and had been given the benefit of the emergency rule in the instructions, it was only fair to let the jury consider all of the fact issues.

No part of the medical aspect of this case has been brought to the court's attention on this appeal. There is no claim that the verdict is excessive. Therefore, it appears that the issue of damages has been satisfactorily resolved.

Affirmed.

Rogosheske, Justice (dissenting).

The only point of my disagreement is the conclusion that defendant Barnard's negligence is a superseding cause as a matter of law, thus insulating any negligence of defendant Gabrielson occasioning the first impact with the Barnard vehicle. Mindful of the almost insurmountable task of conveying to a jury the concept of causation in this type of case, I believe that it was error not to submit the issue to the jury. Even though it may be arguable, I cannot agree that this case, in the posture it comes before us for review, can be classified as one where a superseding cause appears as a matter of law.

For the purpose of analysis we must assume that defendant Gabrielson was negligent in scraping defendant Barnard's vehicle and

that defendant Barnard was thereafter negligent in violating provisions of the Highway Traffic Regulation Act. Our prior decisions, I believe, declare that before an intervening act can be found to be a superseding cause, all of the following elements must be present: (1) The harmful effects of the second actor's negligence must have occurred after the negligence of the first actor; (2) the second actor's negligence must be independent of the first actor's negligence in the sense that it must not have been brought about by the negligence of the first actor;[1] (3) the second actor's negligence must actively work to bring about a result which would not otherwise have followed from the negligence of the first actor; and (4) the second actor's negligence must not have been reasonably foreseeable by the original wrongdoer.[2] Applying the foregoing principles, it certainly can be said that defendant Barnard's negligence was a superseding cause if the evidence conclusively established that such negligence was independent of the negligence of defendant Gabrielson. Since I believe the evidence and the inferences therefrom on this issue were regarded by the trial court as disputed, the jury should have been permitted to determine whether the negligence of defendant Gabrielson was a concurring cause or was superseded by the negligence of defendant Barnard. The trial court concluded that defendant Barnard's negligence was a jury question. If that is correct, it logically follows that the only justification for her conduct must be found by considering the factors provoking such conduct. If pursuing defendant Gabrielson in the manner she did can be justified, defendant Gabrielson's original negligence could then only be disregarded if it is declared to have played no part in causing the accident and is, therefore, not a legal cause thereof.

As suggested by the trial court, the facts more readily support a hold-

---

[1]Henjum v. Bok, 261 Minn. 74, 110 N. W. (2d) 461.

[2]Robinson v. Butler, 226 Minn. 491, 33 N. W. (2d) 821, 4 A.L.R. (2d) 143; Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788; Restatement, Torts, § 442 (the Robinson case is cited in the 1954 supplement); Morris, *Proximate Cause in Minnesota*, 34 Minn. L. Rev. 185; Prosser, *The Minnesota Court on Proximate Cause*, 21 Minn. L. Rev. 19. See also the instruction on superseding cause proposed by District Judges Association Committee on Jury Instruction Guides.

ing that defendant Barnard was negligent as a matter of law because, as the majority reasons, she exercised a conscious rather than an instinctive choice in attempting to stop defendant Gabrielson. If such were our holding, it would logically follow that such negligence of defendant Barnard was not brought about by the original negligence of defendant Gabrielson. As a matter of law, therefore, her negligence would be a superseding cause. Approaching it another way, withdrawing the issue of causation occasioned by the original negligence of defendant Gabrielson could also be justified on the ground that, even though as a fact it provoked the chain of events, as a matter of law it was not a legal cause because it played no part in bringing about the accident. Under this view the only remaining jury issue concerning defendant Gabrielson's liability would be the claim that he was also negligent after he observed, or should have observed, defendant Barnard; and that such negligence was a concurring cause of the accident.

If we support the trial court in holding that defendant Barnard's negligence was an issue for the jury, it seems inescapable to me that the trial court should have also submitted to the jury the issue of whether or not defendant Barnard's negligence was a superseding cause of the accident.

I believe we must grant a new trial.