David **HEDLUND,** Respondent,

v.

Louis V. **HEDLUND,** defendant and third party plaintiff, Appellant,

v.

Norb **TORBORG,** d.b.a. Torborg Implement, third party defendant, Respondent.

No. C7–85–130.

Court of Appeals of Minnesota.

July 16, 1985.

Ronald R. Frauenshuh, Sr., Frauenshuh, Fahlberg & Spooner, Paynesville, for respondent Hedlund.

Frederick L. Grunke, Donohue, Rajkowski, Hansmeier, Grunke & Jovanovich, Ltd., St. Cloud, for appellant.

Kevin S. Carpenter, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent Torborg.

Heard, considered and decided by FOLEY, P.J., FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment dismissing with prejudice the defendant's third party complaint for failure to state a claim. The court determined that no facts were in dispute and that the third party defendant was entitled to judgment as a matter of law. We affirm.

## FACTS

As the trial court found, the material facts of this case are not in dispute. In June 1981 the defendant, Louis Hedlund, purchased from the third-party defendant, Torborg Implement, a used International Harvester Super-M tractor which had been manufactured sometime · in the 1950's. Hedlund had been a customer of Torborg

Implement for some time, and Norb Torborg told Hedlund that if he had any problems with the tractor he should call.

Several days after the sale Hedlund began experiencing problems with the tractor's electrical system. He reported this problem to Torborg and was given a new voltage regulator free of charge, which he had installed at Sedan Auto. After the new regulator was installed, Hedlund again called Torborg to tell him he was still having problems. Torborg suggested some additional repairs, although it is unclear exactly what was suggested.

Nonetheless, it is clear that after this phone call in the summer of 1981, Hedlund did not contact Torborg again or bring the tractor in for repairs, despite the fact that the tractor continued to have problems starting. Instead of bringing the tractor in for repairs, Hedlund and his son, David, developed a routine of pull-starting or jump-starting the tractor whenever they needed it.

Approximately one year later, on May 1, 1982, David was starting the tractor by depressing the clutch and applying the booster cables, when the tractor started, moving forward, catching and striking him with an attached implement and rendering him a quadriplegic. It is undisputed that his father had left the tractor in gear, and that if it had been jump-started while in neutral, as is proper, the injuries to David would never occurred.

David sued his father and his father's insurance company, which actions were consolidated. His father then brought a third-party action against Norb Torborg, d/b/a Torborg Implement.

Torborg moved for an order granting summary judgment and dismissing all claims against him with prejudice, and submitted a memorandum in support of his motion entitled "Memorandum in Support of Motion for Summary Judgment." He did not present the court with any affidavits in support of his motion.

Hedlund submitted a memorandum opposing Torborg's motion, presenting no affidavits in support of his claim that summary judgment was inappropriate. He also moved for summary judgment against David.

The trial court denied Hedlund's motion for summary judgment, but granted Torborg's motion and dismissed Hedlund's third-party complaint with prejudice. Hedlund has appealed.

## ISSUES

1. Did the trial court improperly dismiss Hedlund's third party complaint for failure to state a claim?

2. Did the trial court improperly grant summary judgment?

## ANALYSIS

### I.

*Dismissal for Failure to State a Claim*

■ Hedlund argues that the trial court improperly dismissed his third-party complaint pursuant to Rule 12.02 of the Minnesota Rules of Civil Procedure, which governs dismissal of actions for failure to state a claim upon which relief may be granted. He bases this claim upon the following language in the court's order:

THAT Hedlund's Third-Party Complaint against Torborg Implement is hereby DISMISSED with prejudice, for failure to state a claim upon which relief may be granted, and in accordance with the attached memorandum.

The court's memorandum also discussed Hedlund's failure to state a claim, stating:

Hedlund merely sets forth a conclusion in its Third-Party Complaint that he is entitled to contribution and indemnity, but does not set forth any claims or allegations which would constitute a basis for such a claim.

Although the court's conclusion is true, it is also true that pleadings should be dismissed "only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded." *Northern States Power Company v.*

*Franklin,* 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963). In light of this liberal construction, if the trial court had indeed dismissed Hedlund's third-party complaint solely for failure to state a claim, it would be necessary to analyze in depth the rules and requirements concerning the sufficiency of a complaint.

■ However, the court also stated in its memorandum:

[E]ven if there was a basis for a contribution claim set forth in the Third-Party Complaint, Torborg Implement is entitled to summary judgment based upon the facts set forth in the record * * *[1]

Rule 12.02 provides:

If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Since Torborg specifically entitled his motion as one for "summary judgment" and since the court appears to have considered the entire record before arriving at its decision to dismiss Hedlund's complaint, the court's order should be reviewed under the rules and caselaw pertaining to motions for summary judgment.

## II.

### Summary Judgment

Rule 56.03 of the Minnesota Rules of Civil Procedure governs motions for summary judgment and proceedings thereon. The rule states, in relevant part:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

The trial court in this instance, upon reviewing the file, found that the following facts were not in dispute:

Torborg Implement sold the tractor at issue to Hedlund and soon after the sale Hedlund contacted Torborg Implement to report problems he was having starting the tractor; Torborg Implement paid for a new regulator to be installed in the tractor by Sedan Auto; soon after the regulator was installed Hedlund experienced continued problems with starting the tractor, which problems continued for several months before the accident occurred; but in the time between the installation of the regulator and the accident Hedlund did not contact Torborg Implement to inform him of the continued problems with the tractor; and Hedlund continued to use the tractor by jump-starting it.

The court concluded that it was not clear whether Torborg had once had a duty to maintain and repair the tractor before or after selling it to Hedlund, but even if such a duty had existed, any possible negligence had been superseded by Hedlund's failure to inform Torborg of the continuing problems and Hedlund's continued use of the tractor when it had starting problems.

■ We find that the pleadings, depositions, answers to interrogatories and admissions on file fail to indicate a genuine issue as to any breach of a duty by Torborg towards Hedlund. Although there is some evidence that Torborg was informed of problems with the tractor when he initially purchased it to sell, Hedlund has not introduced any facts demonstrating the conditions upon which the tractor was resold to him. In his brief to this court, Hedlund alleges that Torborg was in the business of rebuilding and reconditioning tractors prior to resale, and that he warranted the tractor as "reconditioned."

---

1. As indicated above, the court also dismissed Hedlund's complaint "in accordance with the attached memorandum."

However, the record is devoid of evidence indicating that Torborg in fact warranted the tractor as being "reconditioned." Rather, Torborg in his deposition states that he did not tell Hedlund what had been done to the tractor, and that in fact what he did to the tractor "didn't amount to too much."

The record thus fails to reveal any evidence whatsoever to sustain Hedlund's claim that Torborg breached a warranty or representation that the tractor had been reconditioned and/or repaired.

■ Even if Hedlund were able to establish at trial that Torborg had made certain warranties or representations concerning the condition of the tractor, Hedlund does not dispute the fact that he did not notify Torborg of the continuing problems with the tractor, that he continued to jump-start the tractor, and that David's injuries occurred because the tractor was jump-started in gear. Therefore, based upon the above undisputed facts, the trial court properly rendered summary judgment as a matter of law on the issue of superseding cause.

In *Regan v. Stromberg*, 285 N.W.2d 97 (Minn.1979) our supreme court explained the elements of superseding cause:

> (1) Its harmful effects must have occurred after the original negligence; (2) it must not have been brought about by the original negligence; (3) it must actively work to bring about a result which would not otherwise have followed from the original negligence; and (4) it must not have been reasonably forseeable by the original wrongdoer.

*Id.* at 100, *citing Kroeger v. Lee*, 270 Minn. 75, 78, 132 N.W.2d 727, 729 (1965).

■ It is the general rule that summary judgment is inappropriate where resolution of the motion requires consideration of factual inferences or conclusions which may be drawn by a jury. *Couillard v. Charles T. Miller Hospital, Inc.*, 253 Minn. 418, 92 N.W.2d 96 (1958). As such, questions of negligence are usually inappropriate for summary judgment, since standards

of reasonableness and causation are uniquely jury functions. However, this does not mean that under all circumstances negligence or cause cannot be determined as a matter of law. *See, e.g., Austin v. Metropolitan Life Insurance Co.*, 277 Minn. 214, 152 N.W.2d 136 (1967) (summary judgment affirmed finding no negligence as a matter of law).

Our supreme court on several occasions has considered the question whether a superseding cause issue is one which is capable of determination by the court. In *Roberts v. Donaldson*, 276 Minn. 72, 149 N.W.2d 401 (1967) the court stated:

> * * * Only when there might be a reasonable difference of opinion regarding the forseeability of the intervening act should the question of intervening cause be submitted to the jury.

*Id.* at 82, 149 N.W.2d at 408, (*quoting Strobel v. Chicago, R.I. & P.R. Co.*, 255 Minn. 201, 208, 96 N.W.2d 195, 201 (1959)). In *Roberts*, although a trailer was defective, the court found that an accident would not have occurred if the driver had not disregarded instructions and traffic signs. Thus the court could properly conclude as a matter of law that the trailer owner's negligence was superseded by the negligence of the driver.

In *Strobel* a driver had entered upon a draw bridge and had knocked the plaintiff from a ladder which he had placed in a traffic lane while repairing railroad signals. The court noted that whether the driver had unreasonably failed to take reasonable steps to avoid colliding with the ladder was a jury question, but indicated that where a person is aware of a situation and has sufficient opportunity to avoid the harm, the original tortfeasor should not be held liable. *Strobel*, 255 Minn. at 210, 96 N.W.2d at 202.

The court again reached this conclusion in the case of *Tandeski v. Barnard*, 265 Minn. 339, 121 N.W.2d 708 (1963). In *Tandeski* the defendant's car had come into slight contact with the plaintiff's car, and she had pulled forward in the plaintiff's lane to get his license number. She

stopped in his lane and opened her car door, and the plaintiff ran into the door. The *Tandeski* court stated:

> This court has held that an independent act is considered an intervening, superseding cause, excusing any prior negligence, if an actor who had the time and the ability to make a conscious choice makes a choice that leads to a result which would not have occurred except for that conscious choice. * * * We think that Mrs. Barnard's conduct constituted an efficient, intervening, superseding cause breaking the chain of causation between defendant Gabrielson's original negligence, if any, and the later collision. * * * *The trial court * * * correctly refused to submit the issue of whether there was any connection between the original incident and the later collision.*

*Id.* at 346–347, 121 N.W.2d at 713 (emphasis supplied). *Cf. Cahill v. Peterson*, 277 Minn. 26, 151 N.W.2d 258 (1967) (evidence presented a question of fact due to the fact that the negligence of the two parties was so close in time).

In the present situation almost an entire year had gone by between the time of Torborg's alleged negligence and the negligence of Hedlund. (I.e., failure to repair the truck, plus jump-starting it while in gear.) Therefore, any possible negligence by Torborg was superseded by Hedlund's acts.

Note should be taken of *Mikes v. Baumgartner*, 277 Minn. 423, 430, 152 N.W.2d 732, 737 (1967), where the court held that a superseding cause will not relieve an original wrongdoer if that original party had a *continuing* duty to the plaintiff despite a second wrongdoer's acts. (In *Baumgartner* a school bus driver was held to have that continuing duty.) *See also Sandhofer v. Abbott-Northwestern Hospital*, 283 N.W.2d 362, 368, n. 2 (Minn.1979), where a hospital's duty was held to continue, regardless of subsequent negligence by a physician. Here, however, the continuing duty alleged by Hedlund would have been some duty by Torborg to repair the tractor despite the fact that Hedlund had never informed him of the continuing problem. The trial court was therefore correct in concluding that Torborg had no duty to repair or maintain the tractor.

## DECISION

The trial court properly granted summary judgment where Hedlund presented no facts concerning Torborg's alleged duty to repair and maintain the used tractor and where any possible duty was superseded by Hedlund's own negligence.

Affirmed.