**Roger E. JOHNSON, et al., Appellants,**

**v.**

**Joseph URIE and American Family Mutual Insurance Company, Respondents.**

**No. C0–86–920.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Review Granted Dec. 23, 1986.

---

Heard, considered and decided by RANDALL, P.J., and FOLEY, and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Roger Johnson appeals from a summary judgment determining that a negligence action cannot be maintained against respondents.[1] The trial court concluded that, following repeal of Minn. Stat. § 65B.49, subd. 6(e) (repealed 1980), insurers and insurance agents do not have a duty to offer and explain underinsured motorist coverage to insureds. Appellant argues that there is a common law duty to offer such coverage which is unaffected by repeal of the statute. We reverse and remand.

## FACTS

Roger and Ardel Johnson purchased insurance from American Family Insurance Company agent Joseph Urie from 1976 through June 7, 1981. The contract was last renewed on January 18, 1981. The Johnsons carried the statutory minimum no-fault and liability coverage, but did not carry underinsured motorist coverage. Appellants state that decisions on the type and amount of insurance coverage to be purchased were entrusted to Urie, who undertook to make decisions on behalf of the Johnsons.

On June 7, 1981, Roger Johnson was severely injured in an automobile accident. As a result of the accident, he was hospitalized for several weeks and has a 30 to 35 percent disability in his left leg. He incurred medical expenses in excess of $30,000.00 and wage losses through June 7, 1985, estimated at $104,090.00. The only liability insurance coverage available was $25,000.00 through the other driver's liability insurer. Appellants' policy did not provide coverage because underinsured motorist coverage had not been purchased.

Carol M. Person, Fryberger, Buchanan, Smith & Frederick, P.A., Duluth, for appellants.

Michael W. Haag, Donovan, McCarthy, Crassweller & Magie, P.A., Duluth, for respondents.

1. The trial court certified the question presented in this case as important and doubtful. However, Minn.R.Civ.App.P. 103.03(h) allowing certification has been interpreted to apply only when an order denies a motion for summary judgment. *See Price v. Amdal,* 256 N.W.2d 461, 463 n. 3 (Minn.1977). Because summary judgment was granted and the parties appeal from entry of that judgment, we shall address the matter as an appeal from summary judgment.

Appellants initially attempted to pursue a cause of action in federal court based upon a statutorily created duty to offer underinsured motorist coverage. The duty arose under Minn. Stat. § 65B.49, subd. 6(e), which was repealed in 1980. Because their policy had been renewed after the effective date of the repeal of the statute, that action was dismissed. Appellants then commenced this action. They allege that they did not purchase underinsured motorist coverage due to respondents' negligent failure to satisfy a common law duty to offer and explain such insurance after having accepted the burden of deciding for the insureds the type and amount of coverage to be provided. They also contend that they suffered damage as a result of the lack of underinsured motorist coverage.

The trial court concluded that repeal of Minn. Stat. § 65B.49, subd. 6(e) eliminated any duty to offer underinsured motorist coverage. Based on this conclusion, the court found that respondents did not owe a duty to appellants to offer the coverage and therefore appellants could not maintain a negligence action. The court granted summary judgment in favor of respondents.

## ISSUE

Did the trial court err in determining that a negligence action cannot be maintained because, following the repeal of Minn. Stat. § 65B.49, subd. 6(e), insurers and agents do not have a duty to offer and explain underinsured motorist coverage to insureds?

## ANALYSIS

An omission, such as the failure to offer underinsured motorist insurance coverage, constitutes negligence only where there is a duty to act affirmatively. *Ruberg v. Skelly Oil Co.*, 297 N.W.2d 746, 750 (Minn.1980). If respondents were under no duty to offer and explain such coverage, a negligence action could not be maintained based on a failure to offer appellants the coverage.

Section 65B.49, subd. 6(e) required insurers to offer the optional underinsured motorist insurance coverage. In addressing the consequences of an insurer's failure to offer the coverage, the Minnesota Supreme Court declared that such failure would result in coverage being read into the policy, even though no premium had been paid for the coverage. *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 250 (Minn. 1980). The insurer had the burden of showing that an offer of coverage had been made in order to avoid this remedy. *Id.* at 249.

In 1980, following the *Holman* decision, the legislature repealed Minn. Stat. § 65B.49, subd. 6 (e). 1980 Minn. Laws, ch. 539, § 7. Repeal of the statute was directed at removing the remedy for failure to comply with the statute. *Sobania v. Integrity Mutual Insurance Co.*, 371 N.W.2d 197, 200 (Minn.1985). It prevented courts from reading coverage into policies purchased or renewed after April 12, 1980. *Hauer v. Integrity Mutual Insurance Co.*, 352 N.W.2d 406, 409 (Minn.1984). The trial court concluded that repeal of section 65B.49, subd. 6(e) indicated that respondents bore no duty to appellants and granted summary judgment for respondents. We conclude that summary judgment was inappropriate.

The legislation which had established the statute did not address general common law duties of insurers and insurance agents. As a result, the statutorily created duty to offer coverage is separate from a common law duty that may arise between insurer and insured. Statutory and common law duties may exist simultaneously. *See Johnson v. County of Nicollet*, 387 N.W.2d 209, 211 (Minn.Ct.App. 1986). An agent may accept the burden of deciding for the insured both the type and amount of coverage to be provided, giving rise to a common law duty to the insured which is separate from the statutory duty that existed under Minn. Stat. § 65B.49. *See generally Collegiate Manufacturing Co. v. McDowell's Agency, Inc.*, 200 N.W.2d 854, 859 (Iowa 1972). An affirma-

tive duty to arrange coverage may arise even where the insured has made no specific request for action. *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271, 279 (Minn.1985).

■ While the repeal of section 65B.49, subd. 6(e) removed the insurer's burden to show that underinsured motorist coverage had been offered, we conclude it did not affect the ability of an insured to attempt to show the existence of a common law duty to offer insurance.

■ In recognizing that a common law negligence action against respondents may exist despite repeal of the statute, we note that in an action based upon the common law duty, the insured has the burden of establishing a duty on the part of respondents, along with establishing the standard of care to be followed by insurer and agent in fulfilling that duty. *Atwater Creamery Co.*, 366 N.W.2d at 279. In contrast, under section 65B.49, subd. 6(e), it was the insurer who bore the burden of establishing that an offer of coverage had been made. Thus, in effect, following repeal of the statute, the burden of proof shifted from insurer to insured.

■ Whether a common law duty has, in fact, arisen and whether that duty has been breached are factual questions, dependent upon the circumstances of each case. 366 N.W.2d at 279. Generally, summary judgment is inappropriate where resolution of the motion requires factual conclusion usually drawn by a jury. *Hedlund v. Hedlund*, 371 N.W.2d 232, 236 (Minn.Ct. App.1985). Appellant contends that respondent had accepted the burden of deciding for the insureds the type and amount of coverage to be provided, giving rise to a common law duty to offer and explain underinsured motorist coverage. A factual determination must be made in regard to whether such a duty has arisen. Consequently, this matter is remanded to permit appellant to proceed with his action to determine whether a common law duty exists and, if so, whether that duty has been negligently breached.

## DECISION

The trial court erred in concluding that following repeal of Minn.Stat. § 65B.49, subd. 6(e) insurers and insurance agents do not have a common law duty to offer underinsured motorist coverage.

Reversed and remanded.